IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| VINCENT LEROY STROMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C15-4241<br><br>RULING ON JUDICIAL REVIEW |

## TABLE OF CONTENTS

I.    *INTRODUCTION* ................................................... 2

II.   *PRINCIPLES OF REVIEW* ......................................... 2

III.  *FACTS* ............................................................. 3

IV.  *CONCLUSIONS OF LAW* .......................................... 5
    A.   *ALJ's Disability Determination* ................................. 5
    B.   *Objections Raised By Claimant* ................................. 7
        1.   *Credibility Determination* ................................. 7
           a.   *Stroman's Subjective Allegations of Disability* ........ 7
           b.   *Third-Party Statement* .............................. 11
        2.   *RFC Assessment* ......................................... 13
        3.   *Hypothetical Question* .................................... 17

V.    *CONCLUSION* .................................................... 18

VI.  *ORDER* .......................................................... 18

## I. INTRODUCTION

This matter comes before the Court on the Complaint (docket number 4) filed by Plaintiff Vincent Leroy Stroman on November 25, 2015, requesting judicial review of the Social Security Commissioner's decision to deny his applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits.[1] Stroman asks the Court to reverse the decision of the Social Security Commissioner ("Commissioner") and order the Commissioner to provide him disability insurance benefits and SSI benefits. In the alternative, Stroman requests the Court to remand this matter for further proceedings.

## II. PRINCIPLES OF REVIEW

The Commissioner's final determination not to award disability insurance benefits following an administrative hearing is subject to judicial review. 42 U.S.C. § 405(g). The Court has the authority to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id.* The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

The Court "'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quotation omitted). Substantial evidence is defined as less than a preponderance of the evidence, but is relevant evidence a "'reasonable mind would find adequate to support the commissioner's conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014). In determining whether the ALJ's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted).

---

[1] On January 20, 2016, both parties consented to proceed before a magistrate judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

2

"The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). The Court not only considers the evidence which supports the ALJ's decision, but also the evidence that detracts from his or her decision. *Perks v. Astrue*, 687 F.3d 1086, 1091 (8th Cir. 2012)

In *Culbertson v. Shalala*, the Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is 'something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'

30 F.3d 934, 939 (8th Cir. 1994). In *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011), the Eighth Circuit further explained that a court "'will not disturb the denial of benefits so long as the ALJ's decision falls within the available 'zone of choice.'" "'An ALJ's decision is not outside that zone of choice simply because [a court] might have reached a different conclusion had [the court] been the initial finder of fact.'" *Id.* Therefore, "even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). *See also Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) ("'As long as substantial evidence in the record supports the Commissioner's decision, [the court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently.' *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).").

### III. FACTS

Stroman was born in 1966. He did not graduate from high school, but later earned a GED. In the past, Stroman worked as a driver and operations manager.

3

Stroman filed his applications for disability insurance benefits and SSI benefits on April 20, 2012, alleging disability due to back problems, diabetes, hypertension, GERD, hyperlipidemia, and hypercholesterolima. He alleged he became disabled on December 20, 2010. His applications were denied upon initial review, and on reconsideration. On April 7, 2014, Stroman appeared via video conference with his attorney before Administrative Law Judge ("ALJ") Jan E. Dutton for an administrative hearing. In a decision dated June 6, 2014, the ALJ denied Stroman's claims. The ALJ determined Stroman was not disabled and not entitled to disability insurance benefits or SSI benefits because he was functionally capable of performing work that exists in significant numbers in the national economy. Stroman appealed the ALJ's decision. On September 30, 2015, the Appeals Council denied Stroman's request for review. Consequently, the ALJ's June 6, 2014 decision was adopted as the Commissioner's final decision.

On November 25, 2015, Stroman filed the instant action for judicial review. A briefing schedule was entered on February 2, 2016. On May 2, 2016, Stroman filed a brief arguing there is not substantial evidence in the record to support the ALJ's finding that he is not disabled and that he is functionally capable of performing other work that exists in significant numbers in the national economy. On May 26, 2016, the Commissioner filed a responsive brief arguing the ALJ's decision was correct and asking the Court to affirm the ALJ's decision. Stroman filed a reply brief on June 10, 2016.

Additionally, on April 1, 2016, the parties filed a joint statement of facts addressing Stroman's background, the case's procedural history, testimony from the administrative hearing, and Stroman's medical history. *See* docket number 13. The parties' joint statement of facts is hereby incorporated by reference. Further discussion of pertinent facts will be addressed, as necessary, in the Court's consideration of the legal issues presented.

## IV. CONCLUSIONS OF LAW

### A. ALJ's Disability Determination

The ALJ determined Stroman was not disabled. In making this determination, the ALJ was required to complete the five-step sequential test provided in the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988 (8th Cir. 2014). The five steps an ALJ must consider are:

> (1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work.

*Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

In considering the steps in the five-step process, the ALJ:

> first determines if the claimant engaged in substantial gainful activity. If so, the claimant is not disabled. Second, the ALJ determines whether the claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ considers the severity of the impairment, specifically whether it meets or equals one of the listed impairments. If the ALJ finds a severe impairment that meets the duration requirement, and meets or equals a listed impairment, then the claimant is disabled. However, the fourth step asks whether the claimant has the residual functional capacity to do past relevant work. If so, the claimant is not disabled. Fifth, the ALJ determines whether the claimant can perform other jobs in the economy. If so, the claimant is not disabled.

*Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). At the fourth step, the claimant "'bears the burden of demonstrating an inability to return to [his] or her past relevant work.'" *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010). If the claimant meets this burden, the burden shifts to the Commissioner at step five to demonstrate that "'the claimant has the physical residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with [his or] her impairments and vocational factors such as age, education, and work experience.'" *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The RFC is the most an individual can do despite the combined effect of all of his or her credible limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a)(1); *Toland v. Colvin*, 761 F.3d 931, 935 (8th Cir. 2014). The ALJ bears the responsibility for determining "'a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his or] her limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013); 20 C.F.R. §§ 404.1545, 416.945.

The ALJ applied the first step of the analysis and determined Stroman had not engaged in substantial gainful activity since May 15, 2012. At the second step, the ALJ concluded from the medical evidence Stroman had the following severe impairments: history of lumbro micro discectomy, diabetes, history of left carpal tunnel syndrome, right rotator cuff tendinitis, history of left knee and left ankle surgery, and obesity. At the third step, the ALJ found Stroman did not have an impairment or combination of impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. At the fourth step, the ALJ determined Stroman's RFC as follows:

> [Stroman] has the residual functional capacity to perform sedentary work . . . except [Stroman] can occasionally climb, bend, stoop, crouch, crawl, balance and kneel. [Stroman] can use his hands for frequent but not constant handling and fingering . . . and needs to avoid overhead lifting on the right.

(Administrative Record at 14.) Also at the fourth step, the ALJ determined Stroman is unable to perform his past relevant work. At the fifth step, the ALJ determined based on his age, education, previous work experience, and RFC, Stroman could work at jobs that exist in significant numbers in the national economy. Therefore, the ALJ concluded Stroman was not disabled.

## B. Objections Raised By Claimant

Stroman argues the ALJ erred in three respects. First, Stroman argues the ALJ failed to both properly evaluate his subjective allegations of disability, and properly address the third-party statement from his wife, Linda Stroman. Second, Stroman argues the ALJ's RFC is flawed because the ALJ incorrectly believed he responded favorably to his back surgeries, and the Appeals Council failed to properly consider additional evidence which would affect his RFC. Lastly, Stroman argues the ALJ provided a flawed hypothetical question to the vocational expert at the administrative hearing.

### 1. Credibility Determination

#### a. Stroman's Subjective Allegations of Disability

Stroman argues the ALJ failed to properly evaluate his subjective allegations of pain and disability. Stroman maintains the ALJ's credibility determination is not supported by substantial evidence. The Commissioner argues that the ALJ properly considered Stroman's testimony, and properly evaluated the credibility of his subjective complaints.

When assessing a claimant's credibility, "[t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ should also consider a "a

7

claimant's work history and the absence of objective medical evidence to support the claimant's complaints[.]" *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008) (citing *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000)). The ALJ, however, may not disregard a claimant's subjective complaints "'solely because the objective medical evidence does not fully support them.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009)).

Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman*, 596 F.3d at 968; *see also Finch*, 547 F.3d at 935 (same); *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) ("The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole."). If an ALJ discounts a claimant's subjective complaints, he or she is required to "'make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the Polaski factors.'" *Renstrom*, 680 F.3d at 1066 (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir. 2010)); *see also Ford*, 518 F.3d at 982 (An ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found.' *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)."). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (citing *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996)); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination."). "'The credibility of a claimant's subjective

testimony is primarily for the ALJ to decide, not the courts.'" *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010) (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)).

In her decision, the ALJ addressed Stroman's subjective allegations disability as follows:

> To the extent that [Stroman] alleges disability and that he is precluded from all work activity, he is not a credible witness. [Stroman] has a history of imprisonment for Medicaid fraud related to his wheelchair business. In fact, he owes $156,000 restitution for Medicaid fraud (Exhibit 3F). This does not tend to bolster his credibility and he applied for disability rather than seek employment upon prison release.
>
> He is not working but this is not due to the fact that he is disabled and precluded from all employment as required by the Social Security Regulations. While in prison, he was restricted to 40 pounds lifting. He decided to apply for disability and his amended onset date coincides with his release from prison. While in prison, he was cleared to work cleaning bathrooms and showers, which would be consistent with light exertional level work activity. Further, it was noted that he reported "unemployed for last 3 years when his family business closed." This coincided with his arrest. (Exhibit D 13F page 25). Running the business included Medicaid billing and using a computer, he said he did books, dispatch, lined up clients and went out for visits with clients.
>
> [Stroman] appears to have responded favorably to back surgery. [He] acquired his GED. In 2013 he attended Iowa Western Tech college and his grade point average was 3.4, with B and A grades. He said while he attended school he had classes four days a week and it was considered full time, even though he only took 7 credits. He has managed a business and is of at least average intelligence. (Exhibit 18E) While attending school classes, [Stroman] reported he had difficulty siting [*(sic)*] through 90-minute classes. (Exhibit 18E) He told his orthopedist that he was attending 70-minute classes and

> traveling 4.5 miles to get there. (Exhibit 13F page 20) On June 20, 2013 [Stroman] told Dr. Herrera that he "is currently doing pool exercises, as they have a pool in their backyard and he does freestyle swimming for 30 minutes daily. He is also walking 1 to 1 ½ miles on a daily basis." (Exhibit 13F page 23) At the hearing, [Stroman] was observed to bend and move about.
>
> [Stroman] has good activities of daily living: he has nine children (the youngest two at home) and several grandchildren who come to his home on a regular basis, he said his wife helps care for them and minimized his involvement. His cholesterol and diabetes are controlled with medication. The claimant indicated that his income includes food stamps, his wife's income and a monthly adoption subsidy of $524. (Exhibit 18E) [Stroman] is not alleging a mental disability and the evidence does not support a disabling mental impairment. The Global Assessment of Functioning score of 55 indicates the ability to work. (Exhibit 11F)
>
> While [Stroman] cannot return to his past relevant work, he should be able to perform work within the residual functional capacity findings of the undersigned. The only work restriction from treating sources is 40 pounds; [Stroman] said Dr. Jensen restricted him to 25 pounds lifting. No treating source has opined that [he] is disabled. The records from Dr. Samuelson, Dr. Jensen, and Dr. Todt are given significant weight and do not support a finding of disability in this case but, rather, indicate a positive response to treatment. Greater weight is given to the analysis by DDS[.]

(Administrative Record at 18-19.)

It is clear from the ALJ's decision that she thoroughly considered and discussed Stroman's treatment history, medical history, use of medications, functional restrictions, work history, and activities of daily living in making her credibility determination. Thus, having reviewed the entire record, the Court finds that the ALJ adequately considered and addressed the *Polaski* factors in determining Stroman's subjective allegations of disability

10

were not credible. *See Johnson*, 240 F.3d at 1148; *see also Goff*, 421 F.3d at 791 (an ALJ is not required to explicitly discuss each *Polaski* factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each *Polaski* factor as long as the analytical framework is recognized and considered. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996)."). Accordingly, because the ALJ seriously considered, but for good reasons explicitly discredited Stroman's subjective complaints, the Court will not disturb the ALJ's credibility determination. *See Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the Court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 801.

### b. Third-Party Statement

Stroman also argues that the ALJ improperly discredited the third-party statement provided by his wife, Linda Stroman. Stroman maintains this matter should be remanded to allow the ALJ to both fully consider and address his wife's statements regarding his disability.

When considering third-party testimony concerning a claimant's symptoms or difficulties with pain, the regulations provide that an ALJ must "'carefully consider any other information you may submit about your symptoms,' including statements 'other persons provide about your pain or other symptoms.'" *Buckner v. Astrue*, 646 F.3d 549, 559 (8th Cir. 2011) (quoting 20 C.F.R. § 404.1529(c)(3)); *see also Willcockson v. Astrue*, 540 F.3d 878, 880-81 (8th Cir. 2008) ("[S]tatements of lay persons regarding a claimant's condition must be considered when an ALJ evaluates a claimant's subjective complaints of pain."). In other words, an ALJ should not ignore the statements of other parties regarding a claimant's condition. *Willcockson*, 540 F.3d at 881. However, in *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992), the Eighth Circuit Court of Appeals

determined that failure to provide any reasons for discrediting a third-party witness is not error when support for discrediting such a witness is found in the same evidence used by an ALJ to find that a claimant's testimony is not credible. *See also Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) ("[A]lthough the ALJ failed to list specific reasons for discrediting the testimony of Carol Bennett, it is evident that most of her testimony concerning Lorenzen's capabilities was discredited by the same evidence that discredits Lorenzen's own testimony concerning his limitations."); *Buckner*, 646 F.3d at 559-60 (discussing *Robinson* and *Lorenzen* and applying that reasoning to testimony from the claimant's girlfriend).

In her decision, the ALJ addressed Linda Stroman's statements as follows:

> [T]he third party statement of [Stroman's] wife is not generally credible. Out of natural concern and devotion, it is not uncommon for family members to place unreasonable limitations on the daily activities of a loved one. Clearly, his wife is genuinely concerned about [Stroman's] well-being, however, her implicit allegation that [Stroman] is disabled is subject to the considerations noted above regarding [Stroman's] own testimony. In addition, she clearly has a pecuniary interest in the outcome of this case. (Smith v. Heckler, 735 F.2d 312 (8th Cir. 1984))[.]

(Administrative Record at 19.)

It is clear from the ALJ's decision that she considered and addressed the statements of Stroman's wife, Linda. Furthermore the ALJ provided reasons for discounting Linda's statements. By providing reasons for discrediting Linda's statements, the ALJ did more than is necessary according to the Eighth Circuit Court of Appeals, for evaluating the credibility of a third-party witness. In *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992), the Eighth Circuit determined that failure to provide any reasons for discrediting a third-party witness or statement is not error when support for discrediting such a witness or statement is found in the same evidence used by an ALJ to find that a claimant's

testimony is not credible. *See also Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) ("[A]lthough the ALJ failed to list specific reasons for discrediting the testimony of Carol Bennett, it is evident that most of her testimony concerning Lorenzen's capabilities was discredited by the same evidence that discredits Lorenzen's own testimony concerning his limitations."); *Buckner*, 646 F.3d at 559-60 (discussing *Robinson* and *Lorenzen* and applying that reasoning to testimony from the claimant's girlfriend). Because the ALJ explicitly considered Linda's statements and provided reasons for discrediting those statements, the Court concludes that the ALJ properly addressed the third-party statements in making her credibility determination. Moreover, because the ALJ sufficiently assessed Stroman's credibility (see section *IV.B.1.a* of this decision), and the evidence that the ALJ referred to in discrediting Stroman's claims also discredits his wife's claims, the Court finds no error in the ALJ's credibility determination for Linda's third-party statement. *Buckner*, 646 F.3d at 560. Therefore, the Court concludes Stroman's assertion that the ALJ improperly discredited his wife's statements is without merit.

### 2. RFC Assessment

Stroman argues the ALJ's RFC assessment is flawed. Stroman maintains the ALJ's RFC assessment is not supported by substantial evidence. In particular, Stroman argues the ALJ failed to fully develop the record with regard to his back surgeries, and incorrectly determined that he responded favorably to his back surgeries. Therefore, Stroman concludes this matter should be remanded for a new RFC determination based on a fully and fairly developed record.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the residual functional capacity to perform a significant number of other jobs in the national economy that are consistent with claimant's impairments and vocational factors such as age, education, and work experience. *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). The ALJ is responsible for assessing a claimant's

RFC, and his or her assessment must be based on all of the relevant evidence. *Guilliams*, 393 F.3d at 803. Relevant evidence for determining a claimant's RFC includes "'medical records, observations of treating physicians and others, and an individual's own description of his [or her] limitations.'" *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006) (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). While an ALJ must consider all of the relevant evidence when determining a claimant's RFC, "the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007).

Additionally, an ALJ has a duty to develop the record fully and fairly. *Cox*, 495 F.3d at 618. Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts*, 143 F.3d at 1138 (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

In his brief, Stroman rests his complaints regarding the ALJ's RFC on a single statement in the ALJ's four-paragraph credibility determination that he "appears to have responded favorably to back surgery."[2] The Commissioner responds:

> [Stroman] takes the ALJ's remark out of context and imbues it with undue significance. The ALJ stated, in a single sentence, that [Stroman] appeared to have responded favorably to back surgery (Tr. 19). Then, the ALJ wrote an entire paragraph explaining that, throughout 2013, [Stroman]

---

[2] Administrative Record at 19.

14

engaged in activities inconsistent with his allegations of disability (Tr. 19).

Commissioner's Brief (docket number 15) at 7. The Court agrees with the Commissioner and finds Stroman places too much emphasis in this single sentence. Moreover, in reviewing Stroman's medical history and treatment, the ALJ thoroughly addressed Stroman's history of back pain and surgeries.[3] For example, the ALJ noted Stroman underwent a right L4-5 microdiskectomy on January 9, 2013, and on January 21, his physician found "[he] has done well . . . [and] states his leg pain is completely gone."[4] Moreover, the ALJ thoroughly addressed and considered Stroman's entire medical history and treatment for his physical and mental health complaints.[5] The ALJ also properly considered and thoroughly discussed Stroman's subjective allegations of pain and disability in making her overall disability determination, including determining Stroman's RFC.[6]

Therefore, having reviewed the entire record, the Court finds that the ALJ properly considered Stroman's medical records, observations of treating and non-treating physicians, and Stroman's own description of his limitations in making the ALJ's RFC assessment for Stroman.[7] *See Lacroix*, 465 F.3d at 887. Furthermore, the Court finds that the ALJ's decision is based on a fully and fairly developed record. *See Cox*, 495 F.3d at 618. Because the ALJ considered the medical evidence as a whole, the Court concludes that the ALJ made a proper RFC determination based on a fully and fairly developed

---

[3] *Id.* at 15-18 (providing thorough discussion of Stroman's complaints of back pain).

[4] *Id.* at 17.

[5] *See id.* at 15-18 (providing a thorough discussion of Stroman's overall medical history and treatment).

[6] *See* Administrative Record at 18-19 (providing a thorough discussion of Stroman's subjective allegations of pain and disability).

[7] *See id.* at 15-19 (providing thorough discussion of the relevant evidence for making a proper RFC determination).

record. *See Guilliams*, 393 F.3d at 803; *Cox*, 495 F.3d at 618. The Court concludes Stroman's assertion that the ALJ's RFC assessment is flawed is without merit.

Stroman also contends that the ALJ's RFC assessment is flawed in light of additional evidence submitted to the Appeals Council. The additional evidence provided by Stroman includes medical records dealing with continued treatment for back and leg pain, including an additional surgery. However, in his brief Stroman offers no explanation or argument of how the new or additional evidence would alter the outcome of the ALJ's decision. Stroman simply states in conclusory fashion that the Appeals Council did not consider the new evidence, and if it had considered the new evidence, he would be found disabled. Contrary to Stroman's assertion, the Appeals Council did consider the new and additional evidence, and explained in its decision that:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

(Administrative Record at 2.) Having reviewed the entire record, including the new and additional evidence submitted to the Appeals Council, the Court agrees with the Appeals Council that the new and additional evidence does not provide a basis for changing the ALJ's decision. *See Van Vickle v. Astrue*, 539 F.3d 825, 828 (8th Cir. 2008) (The final decision of the Commissioner should be affirmed if the decision "is supported by substantial evidence on the record as a whole, including the new evidence that was considered by the Appeals Council."). Because the ALJ's decision is supported by substantial evidence on the record as a whole, the Court finds no merit in Stroman's argument that the Appeals Council failed to properly consider the new and additional

evidence submitted after the ALJ's decision. *See Bernard*, 774 F.3d at 486 (providing an ALJ's decision must be affirmed if it is supported by substantial evidence on the record as a whole). Accordingly, even if inconsistent conclusions could be drawn on this issue, the court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *Guilliams*, 393 F.3d at 301.

### 3. Hypothetical Question

Stroman argues the ALJ's hypothetical question to the vocational expert was incomplete because it did not properly account for all of his impairments. Stroman also argues the ALJ's hypothetical did not contemplate all of his functional limitations. Stroman maintains this matter should be remanded so that the ALJ may provide the vocational expert with a proper and complete hypothetical question.

Hypothetical questions posed to a vocational expert, including a claimant's RFC, must set forth his or her physical and mental impairments. *Goff*, 421 F.3d at 794. "The hypothetical question must capture the concrete consequences of the claimant's deficiencies." *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (citing *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997)). The ALJ is required to include only those impairments which are substantially supported by the record as a whole. *Goose v. Apfel*, 238 F.3d 981, 985 (8th Cir. 2001); *see also Haggard v. Apfel*, 201 F.3d 591, 595 (8th Cir. 1999) ("A hypothetical question 'is sufficient if it sets forth the impairments which are accepted as true by the ALJ.' *See Davis v. Shalala*, 31 F.3d 753, 755 (8th Cir. 1994) (quoting *Roberts v. Heckler*, 783 F.2d 110, 112 (8th Cir. 1985).").

Having reviewed the entire record, the Court finds that the ALJ thoroughly considered and discussed both the medical evidence and Stroman's testimony in determining Stroman's impairments and functional limitations.[8] The Court further determines that the ALJ's findings and conclusions are supported by substantial evidence

---

[8] *See* Administrative Record at 15-19.

on the record as a whole. Because the hypothetical question posed to the vocational expert by the ALJ was based on the ALJ's findings and conclusions, the Court concludes the ALJ's hypothetical question properly included those impairments which find substantial support in the record as a whole. *See Goose*, 238 F.3d at 985; *see also Forte v. Barnhart*, 377 F.3d 892, 897 (8th Cir. 2004) (an ALJ need only include those work-related limitations that he or she finds credible). Therefore, the ALJ's hypothetical question was sufficient.

## V. CONCLUSION

The Court finds the ALJ properly determined Stroman's credibility with regard to his subjective complaints of pain and disability. Furthermore, the Court finds the ALJ considered the medical evidence as a whole, and made a proper RFC determination based on a fully and fairly developed record. Finally, the ALJ's hypothetical question to the vocational expert properly included those impairments and functional limitations substantially supported by the record as a whole. Accordingly, the Court determines that the ALJ's decision is supported by substantial evidence and shall be affirmed.

## VI. ORDER

1. The final decision of the Commissioner of Social Security is **AFFIRMED**;
2. Plaintiff's Complaint (docket number 4) is **DISMISSED** with prejudice; and
3. The Clerk of Court is directed to enter judgment accordingly.

DATED this 5th day of October, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA